UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE ALAN HOWARD,

        Petitioner,

                              CASE NO. 08-10222

v.

                              PAUL D. BORMAN
MILLICENT WARREN,               UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING, DISMISSING THE HABEAS PETITION, AND GRANTING A CERTIFICATE OF APPEALABILITY

This matter is pending before the Court on petitioner Bruce Alan Howard's habeas corpus petition under 28 U.S.C. § 2254, his motion for an evidentiary hearing, and respondent Millicent Warren's motion for summary judgment. The Court agrees with Respondent that Petitioner's habeas petition is barred by the statute of limitations. Therefore, Respondent's motion will be granted, the habeas petition will be dismissed, and the motion for an evidentiary hearing will be denied as moot.

## I. BACKGROUND

On April 14, 1994, a Recorder's Court jury found Petitioner guilty of eleven counts of armed robbery, MICH. COMP. LAWS § 750.529. The trial court sentenced Petitioner as a habitual offender to life imprisonment for the robberies, and the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished *per curiam* opinion. *See People v. Howard*, No.

175615 (Mich. Ct. App. July 16 1996). On March 28, 1997, the Michigan Supreme Court denied leave to appeal. *See People v. Howard*, 454 Mich. 885 (1997) (table). Petitioner did not apply for a writ of certiorari in the United States Supreme Court.

The trial court's docket sheet indicates that Petitioner filed the first of several post-conviction motions on April 7, 2003. The trial court denied the motions, and the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Howard*, 259953 (Mich. Ct. App. June 24, 2005). On November 29, 2005, the Michigan Supreme Court also denied leave to appeal. *See People v. Howard*, 474 Mich. 939 (2005) (table).

On October 13, 2006, Petitioner filed a motion for relief from judgment, which the trial court denied on March 5, 2007. The Michigan Court of Appeals denied leave to appeal the trial court's decision on the ground that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Howard*, No. 277843 (Mich. Ct. App. Sept. 28, 2007). On January 8, 2008, the Michigan Supreme Court denied leave to appeal after concluding that Petitioner's motion for relief from judgment was a successive motion, which was prohibited by Michigan Court Rule 6.502(G). *See People v. Howard*, 480 Mich. 1013 (2008).

Petitioner signed his habeas corpus petition on January 11, 2008. He alleges that: (1-2) his trial attorney was ineffective; (3) he was arrested in his home without a complaint or arrest warrant; (4) the state sentencing guidelines were inaccurately scored; (5) the State failed to establish probable cause at the preliminary examination; (6) appellate counsel was ineffective; and (7) he is actually innocent of the crimes for which he was convicted. Respondent asserts in his motion for summary judgment that these claims are barred from review by the statute of limitations.

## II. DISCUSSION

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's convictions became final pursuant to subsection 2244(d)(1)(A) on June 26, 1997, when the ninety-day deadline expired for seeking a writ of certiorari in the Supreme Court. *Jimenez v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685-86 (2008); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13. The statute of limitations expired one year from then on June 26, 1998. Petitioner filed his habeas petition over nine years later. Thus, the habeas petition is untimely, absent tolling or a delayed start to the statute of limitations.

### B. Tolling under 28 U.S.C. § 2244(b)(2)

Petitioner maintains that he filed a motion for relief from judgment in the trial court on March 23, 1998, and that the trial court denied his motion on March 5, 2007. If this were true,

the habeas petition would be timely, because the statute of limitations ran only nine months before Petitioner supposedly filed his motion, and the motion would have tolled the limitation period until the Michigan Supreme Court denied leave to appeal on January 8, 2008. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (stating that an application for post-conviction relief "is pending" under § 2244(d)(2) until the application has achieved final resolution through the State's post-conviction procedures). Petitioner filed his habeas petition just three days after the Michigan Supreme Court issued its January 8, 2008, order. Thus, under Petitioner's version of the facts, the statute of limitations ran approximately nine months and is timely.

     The problem with Petitioner's argument is that the trial court's docket does not reflect a motion for relief from judgment filed on March 23, 1998. In fact, the docket indicates that there was no activity in Petitioner's case from March 28, 1997, when the Michigan Supreme Court denied leave to appeal until April 7, 2003, when Petitioner filed a post-conviction motion for discovery. An attachment to Petitioner's reply to Respondent's motion indicates that Petitioner signed and mailed a motion for relief from judgment to the Clerk of the Recorder's Court on March 23, 1998. However, there is no proof that the motion was actually received and filed in Recorder's Court.[1] A post-conviction motion has to be "properly filed" for it to toll the

---

[1] The trial court denied a motion for relief from judgment on March 5, 2007, but that order likely addressed a motion for relief from judgment which Petitioner filed on October 13, 2006, long after the statute of limitations had run.

4

limitation period, 28 U.S.C. § 2244(d)(2), and a motion "is 'filed,' as that term is commonly understood, when it is delivered to, *and accepted by*, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added).

Petitioner has failed to show that a post-conviction motion was pending in state court before the one-year statute of limitations expired. Therefore, he is not entitled to tolling of the limitation period under § 2244(d)(2). The post-conviction motions filed in 2003 and later years did not restart the statute of limitations. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

### C. Delayed Starts under 28 U.S.C. § 2244(d)(1)(B)

The Court could construe Petitioner's allegations to seek a delayed start to the running of the statute of limitations pursuant to § 2244(d)(1)(B) (state-created impediment). "Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." *Dunker v. Bissonnette,* 154 F. Supp.2d 95, 105 (D. Mass. 2001) (quoted in *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003)).

Even if Petitioner filed a motion for relief from judgment on March 23, 1998, and the motion was denied on March 5, 2007, Petitioner has not shown that the trial court's delayed ruling on his motion prevented him from filing a timely habeas petition. He could have filed a federal habeas petition after his conviction became final on direct review. Although he may not have exhausted state remedies for all his claims by then, his conviction became final for § 2244(d) purposes when his direct review concluded, not when he exhausted all state remedies. *McClendon*, 329 F.3d at 493. Petitioner also could have filed a protective habeas corpus petition while he was attempting to exhaust state remedies on state collateral review. He could have

asked the federal court to stay and abey the federal habeas proceedings until his state remedies were exhausted. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

### D.  Equitable Tolling

Equitable tolling applies to the statute of limitations, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner apparently did not seek to compel a ruling on his 1998 motion for relief from judgment until 2006, when he inquired about the status of his motion and filed a petition for superintending control in the Michigan Court of Appeals.  He failed to monitor adequately the status of his case, *Winkfield*, 66 Fed. Appx. at 583-84, and the "extended period during which [he] sat on his claims demonstrates that he was not diligent in pursuing his rights." *Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir. 2002).  Under the circumstances, it would be inappropriate for the Court to exercise its equitable powers and toll the statute of limitations.  *Id*.; *see also Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (finding that a *pro se* petitioner was entitled to equitable tolling where he acted diligently to protect his rights by asking the state court to rule on his application instead of passively waiting a decision).

### E.  Actual Innocence

Petitioner asserts that he is actually innocent of the crimes for which he was convicted. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d at 577, 601 (6th Cir. 2005).  However, to

prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial).  Petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of new evidence.  *House v. Bell*, 547 U.S. 518, 538 (2006).

In support of his allegation of innocence, Petitioner alleges that the search warrant was invalid, his arrest was illegal, the identifying witness was not listed on the complaint, the complaint was not endorsed, he was bound over for trial on an invalid statement, and the trial court sentenced him on the basis of facts not presented to a jury.  These allegations are not new evidence demonstrating that Petitioner is actually innocent of the armed robberies for which he was convicted.  Therefore, Petitioner is not entitled to equitable tolling on the basis of his claim of actual innocence.

### III. CONCLUSION

Petitioner's claims are barred from substantive review by the one-year statute of limitations.  Accordingly, it is **ORDERED** that Respondent's motion for summary judgment [Dkt. #10] is **GRANTED**, and Petitioner's habeas petition [Dkt. #1] is **DISMISSED** with prejudice.  Petitioner's motion for an evidentiary hearing [Dkt. #8] is **DENIED** as moot.

Reasonable jurists could debate whether the petition states a valid claim of the denial of a

constitutional right and whether the Court correctly ruled that a procedural bar precludes review of the substantive merits of Petitioner's claims.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability may issue on all Petitioner's claims.  He may proceed on appeal without further authorization from this Court because he was permitted to proceed *in forma pauperis* in the District Court.  Fed. R. App. P. 24(a)(3).

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 9, 2009.

S/Denise Goodine
Case Manager