UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE ALAN HOWARD,

        Petitioner,

                                  CASE NO. 08-10222

v.

                                  PAUL D. BORMAN
MILLICENT WARREN,              UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This is a habeas corpus case in which the petitioner challenges his 1994 convictions for eleven counts of armed robbery. On August 25, 2008, respondent Millicent Warren moved for summary judgment on the ground that the habeas petition was barred from substantive review by the one-year statute of limitations. On March 9, 2009, the Court granted Respondent's motion and dismissed the petition. Now pending before the Court are Petitioner's motions for relief from judgment and for appointment of counsel.

Petitioner alleges in his motion for relief from judgment that he filed a post-conviction motion in the trial court on March 23, 1998, and that the Court erred in concluding there was no activity in his case from March 28, 1997, until April 7, 2003. Respondent asserts in an answer to Petitioner's motion that Petitioner could have discovered this evidence earlier if he had exercised due diligence. Respondent further alleges that habeas relief is not warranted on Petitioner's underlying claims, which allege ineffective assistance of counsel, an unconstitutional arrest, inaccurately scored sentencing guidelines, lack of probable cause at the preliminary examination,

and actual innocence.

In light of the post-conviction motion that Petitioner supposedly filed in the trial court on March 23, 1998, it appears that the Court may have erred in granting summary judgment to Respondent. The statute of limitations, moreover, is not a jurisdictional bar to consideration of a habeas petition on the merits, *Smith v. Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006). Accordingly, Petitioner's motion for relief from judgment [Dkt. #19] is **GRANTED**, and the Clerk of Court is directed to re-open this case. The Court will address Petitioner's claims in a future opinion and order.

Petitioner alleges in his motion for appointment of counsel that this case is factually complex, that he has no training in legal procedures, and that he has a medical condition which causes him to have involuntary movements. The Court has examined his *pro se* Motion for Relief from Judgment, and concludes that Petitioner does not require appointment of counsel in the interests of justice. "[T]here is no constitutional right to counsel in habeas proceedings," *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005), and the interests of justice do not require appointment of counsel here. Accordingly, Petitioner's motion for appointment of counsel [Dkt. #25] is **DENIED**.

SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: July 12, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 12, 2010.

                                                      s/Denise Goodine
                                                     Case Manager